UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Walter Hutchinson, Jr.

   v.                                                  Civil No. 16-cv-53-LM

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Walter Hutchinson, Jr., appearing pro se, has petitioned for a writ of habeas corpus (doc. no. 1) pursuant to 28 U.S.C. § 2254. The petition is here for preliminary review to determine whether the claims asserted therein are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

**§ 2254 Rule 4 Review Standard**

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition states facially valid claims. The court may dismiss any petition that appears legally insufficient on its face. See McFarland v. Scott, 512 U.S. 849, 856 (1994). In conducting this review, the court construes Washburn's pro se petition liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

In 1991, Hutchinson was tried and convicted on charges of attempted murder and first degree assault. On appeal, the New Hampshire Supreme Court affirmed the conviction in part, but, finding that the Hutchinsons's state constitutional right against double jeopardy was violated, remanded the case to the trial court for the limited purpose of setting aside one of the convictions. See State v. Hutchinson, 137 N.H. 591, 596 (1993). The first degree assault offense was set aside on remand. See Hutchinson v. Gerry, No. 217-2015-CV -00368, at *1 n.1 ((N.H. Super. Ct., Merrimack Cty. Dec. 14, 2015).[1]

Hutchinson asserts here that he filed a habeas petition in the state court in July 2015, challenging his attempted murder conviction. Hutchinson's state habeas petition was denied. See id. Hutchinson did not appeal, on the basis that such appeal would have been futile.

---

[1]Hutchinson was, subsequent to his 1991 conviction, convicted of first degree murder when his victim died, in 2005, from the injuries caused by Hutchinson in 1991. The first degree murder conviction is not at issue in this matter.

**Discussion**

There is a one-year statute of limitations applicable to § 2254 petitions.  The one-year period generally begins to run on the date that the petitioner's conviction becomes final, upon the conclusion of direct review, or upon expiration of time for seeking such review.  See 28 U.S.C. § 2244(d)(1).  Excluded from the limitations period is the time during which any relevant state post-conviction proceedings were pending.  See id. § 2244(d)(2).  However, state post-conviction proceedings filed after the expiration of the statute of limitations do not reset the statute of limitations clock.  See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007); Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005).  A district court may dismiss a § 2254 petition sua sponte, if a time bar is apparent on the face of the petition, and if petitioner has received fair notice and an opportunity to object.  See Day v. McDonough, 547 U.S. 198, 209-10 (2006).

Here, Hutchinson is challenging a conviction and sentence imposed in 1991.  That conviction was affirmed by the New Hampshire Supreme Court on September 16, 1993.  See Hutchinson, 137 N.H. at 596.  The statute of limitations for filing a federal habeas petition concerning that matter would have

3

expired prior to the end of 1994.  The assertions in Hutchinson's petition indicate that no relevant post-conviction proceedings were pending in the state between September 16, 1993, and July 2015, a period of more than twenty-one years, and thus, none of that time would have been excepted from the limitations period.  The petition, filed well after the expiration of the limitations period, therefore, is untimely filed.

Hutchinson asserts that a fundamental miscarriage of justice will occur in this matter if he is not allowed to proceed in this action despite the expiration of the statute of limitations, as he states that he is actually innocent of the offense of attempted murder.  The court may except a petitioner from compliance with the one-year statute of limitations in a habeas action, where petitioner makes a "tenable claim" that he is actually innocent of the offense of which he was convicted.  See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013).  The exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner'" in light of that new evidence.  Id. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  To demonstrate actual innocence, a

petitioner must make a showing of "factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).

Hutchinson bases his actual innocence argument on the assertion that both "attempted first degree murder," as was charged in the indictment against him, and "attempted murder," which is how the court identified the offense in its instructions to the jury, are "nonexistent" crimes.  At best, Hutchinson's argument goes to the legal sufficiency of the charge against him, not his factual innocence.  Accordingly, this petition may not be excepted from the one-year statute of limitations, and the district judge should dismiss the petition as untimely.

### Certificate of Appealability

The Rules Governing Section 2254 Proceedings require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  § 2254 Rule 11(a).  The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Hutchinson has not made the requisite showing.  Accordingly, the district judge

should not issue a certificate of appealability in this case.

## Conclusion

For the foregoing reasons, the district judge should dismiss the petition (doc. no. 1) and should decline to issue a certificate of appealability in this matter.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge


June 14, 2016

cc:   Walter Hutchinson, Jr., pro se